**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4824**

UNITED STATES OF AMERICA,

Plaintiff — Appellee,

v.

CHATAN JUNE MAULTSBY,

Defendant — Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00194-JAB-1)

Submitted: June 30, 2011                    Decided: July 5, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Chatan June Maultsby of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He was sentenced to 120 months' imprisonment. Maultsby's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating her opinion that there are no meritorious issues for appeal, but raising the issues of whether sufficient evidence supports the jury's verdict and whether Maultsby's sentence is reasonable. The Government has declined to file a responsive brief. Although informed of his right to do so, Maultsby has not filed a pro se supplemental brief. We affirm.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks

2

omitted). We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In resolving issues of substantial evidence, we do not reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted). We have reviewed the evidence introduced at trial and conclude that there is sufficient evidence to support the jury's verdict. Accordingly, we affirm Maultsby's conviction.

With respect to Maultsby's sentence, we review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If

3

there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the sentencing transcript and the presentence report in this case, and conclude the district court properly calculated the Guidelines range, considered the relevant § 3553(a) factors, made an individualized assessment based on the facts presented, and adequately explained the reasons for the chosen sentence in open court. We further find Maultsby's within-Guidelines sentence substantively reasonable.[*]

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We

_____

[*] Although Maultsby's Guidelines range initially was 188 to 235 months' imprisonment, because the minimum of that range was greater than the statutory maximum of 120 months, 120 months became the Guidelines range. See U.S. Sentencing Guidelines Manual § 5G1.1(a) (2008).

therefore affirm the district court's judgment. This court requires that counsel inform Maultsby in writing of his right to petition the Supreme Court of the United States for further review. If Maultsby requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Maultsby. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED